IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ernest Oneal Smith, ) | Civil Action No. 8:06-274-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Joey Preston (County Administrator); ) | **REPORT AND RECOMMENDATION** |
| Robert Daly (ACDC Director); Capt. ) | **OF MAGISTRATE JUDGE** |
| ArletteJones (Medical Director); ) | |
| Cindy Haist (Head Nurse); and ) | |
| Officer Doug Mize (ACDC Officer), ) | |
| ) | |
| Defendants. ) | |
| _____ | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion to dismiss.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 6, 2006. On March 8, 2006, the defendants filed a motion to dismiss. By order filed March 9, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed responses on March 13, 14, 16, and August 23, 2006. [Docs. 9-11, 23.] The defendants replied on March 16, 2006.

## FACTS PRESENTED

In his Complaint, the plaintiff alleges that the defendants failed to provide him with medical care after he slipped on some spilt tea. (Complaint at 3.) The plaintiff contends that after falling he felt something "pop" in his back. *Id*. Upon requesting to see an Anderson County Detention Center ("ACDC") doctor, a nurse allegedly told the plaintiff that he would be seen by his treating physician in two weeks. *Id*. The plaintiff alleges that his doctor diagnosed him with a bulging disc and pinched nerve, after xrays and an MRI. *Id*. The plaintiff was then referred for physical therapy. *Id*.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct

the petitioner's legal arguments for him. *See Small v. Endicott,* 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

**I.     DELIBERATE INDIFFERENCE**

The plaintiff contends that the defendants were deliberately indifferent to his back injuries resulting from the slip and fall. Prisoners can establish an Eighth Amendment violation with respect to medical care if they can prove that there has been deliberate indifference to their serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to support such a claim, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. at 106, 97 S.Ct. 285. Pretrial detainees must make the same allegations to state a Section 1983 claim pursuant to the Fourteenth Amendment. *See Martin v. Gentile*, 849 F.2d 863, 870-71 (4th Cir. 1988). It appears from the pleadings and briefs of the parties that the plaintiff was a pretrial detainee at the time of the alleged denial of medical treatment. The

plaintiff, however, has failed to plead a claim for deliberate indifference.[1]

There are two elements of a deliberate indifference claim: first, the plaintiff must allege a deprivation of medical care that was sufficiently serious (objective component) and second, allege that there existed a culpable state of mind by the defendant (subjective component). *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

The first issue (the objective element) is whether the plaintiff has pled the deprivation of a serious medical need. That element can be further broken down into two components: (1) a serious medical need and (2) mistreatment or nontreatment of that need. There is no clear definition of what constitutes a serious medical need. However, the Eighth Amendment embraces the treatment of medical conditions which may cause future health problems. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993). Further, a medical need is serious if it is one that has been diagnosed by a physician or is so obvious that even a layperson would recognize the need for a doctor's treatment. See *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980). The objective element also requires the plaintiff to prove that his serious medical need was not timely or properly treated.

The second element (the subjective component) requires a showing that the defendant's actions were wanton. The standard for wantonness depends upon the circumstance of the case. *See Wilson*, 501 U.S. at 302-03. Deliberate indifference requires, at a minimum, that the defendant thought about the matter and chose to ignore it. It may appear when prison officials deny, delay, or intentionally interfere with medical

---

[1] The plaintiff filed a motion for an amended Complaint, which was, in all material respects identical to his original Complaint. For that reason, the Court denied the motion.

4

treatment. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir.1997).

As to the objective component of his claim, the plaintiff has failed to plead any allegation of a serious medical need. As stated, a medical need is serious if it is one that has been diagnosed by a physician or is so obvious that even a layperson would recognize the need for a doctor's treatment. *See Ramos*, 639 F.2d at 575. A serious medical need may also include those needs which cause the inmate "to suffer a life-long handicap or permanent loss" if treatment is denied or delayed. *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *see also Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995). In this case, the plaintiff alleges that

1. He fell;
2. He felt something "pop" in his back;
3. He requested to see "the ACDC doctor who comes to see the inmates";
4. He was told by a nurse that he "would be seeing [his] own doctor in a few weeks;
5. He "didn't see [his] doctor until Nov. 25";
6. After xrays and an MRI, his doctor determined that he had "a bulging disk and a pinched nerve"; and
7. His doctor referred him for physical therapy.

(Compl. At 3.)

Even construing the Complaint liberally, the plaintiff's claims "are not cognizable

under Section 1983." *Estelle*, 429 U.S. at 107. The plaintiff has simply failed to allege any serious medical need. His alleged back injury was not "diagnosed by a physician" until after the nurse had originally declined his request to see the ACDC doctor. See *Ramos*, 639 F.2d at 575. The plaintiff does not allege any symptomology that would have been "so obvious that even a layperson would recognize the need for a doctor's treatment." *Id*. To the contrary and by the plaintiff's own admission, his treating physician did not diagnose the injury as a bulging disc and pinched nerve until after taking xrays and performing an MRI. (Compl. at 3.) Accordingly, the nurse could not possibly have observed the injury or its severity. The plaintiff does not allege the existence of objective symptoms, which could have differently apprised the nurse of the seriousness, if any, of his injury.

Lastly, the plaintiff certainly does not contend that he has suffered a "life-long handicap or permanent loss" as a result of the delay/denial of treatment. *Ramos*, 639 F.2d at 575. In fact, he has failed to allege any injury following from the delay/denial in treatment, whatsoever. Injury to his back as a result of the fall itself, of course, is simply a negligence claim not cognizable under Section 1983. There must be some alleged injury arising from the delay or denial in treatment. *See Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994) ("[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.") *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002); *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir.1990). The plaintiff has failed to allege how any such delay or denial resulted in detrimental consequences to him.

Moreover, regarding the subjective element of his claim, the plaintiff has not alleged any wantonness on the part of the defendants. To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so "grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir.1990). The plaintiff alleges that the nurse reminded him of an appointment with his own doctor. He simply fails to allege facts suggesting that she or any other defendants had any knowledge of the seriousness, if any, of his condition, yet "unnecessarily and wantonly" ignored it. *Estelle*, 429 U.S. at 104.

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In the alternative, the plaintiff's case must be dismissed for his failure to exhaust his administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Prison Litigation Reform Act's (PLRA) exhaustion requirement is mandatory and applies regardless of whether or not the administrative remedies remain available to the plaintiff. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2382, 2384-89 (2006). The requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," including "excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). It applies even if the relief sought in the civil action is not available in the administrative

proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

"To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Thus, the inmate must actually and strictly comply with the requirements of the administrative processes. *See Houze v. Segarra*, 217 F. Supp. 2d 394, 396 (S.D.N.Y. 2002) (and cases cited therein); *see also Booth*, 532 U.S. at 735 (noting that Booth failed to undertake any intermediate or appellate steps in the administrative process). An inmate's failure to "properly take each step within the administrative process. . . bars, and does not just postpone, suit under § 1983." *Pozo*, 286 F.3d at 1024 (emphasis added); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (dismissal is appropriate if the inmate fails to exhaust or only partially exhausts administrative remedies); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (same).

This case is materially identical, in regards to issues of exhaustion, to *Nimmons v. Preston*, Slip Copy, 2006 WL 1207777 (D.S.C. May 01, 2006), recently decided by the Honorable Cameron Currie. Here, as in *Nimmons*, the plaintiff has alleged in his verified Complaint that he filed a grievance, in regards to his injury, but that he never received a response. The defendants have argued that the Complaint, therefore, clearly admits a failure to seek either "intermediate or final administrative review after ACDC allegedly denied him relief."[2] (Def. Mot. Dismiss at 4.) It is permissible to dismiss for failure to

---

[2] As in *Nimmons*, the defendants have not provided a copy of the ACDC's grievance procedure to the Court. *Nimmons*, 2006 WL 120777, at *2 n.4. Accordingly, defense counsel is instructed to provide a copy of the ACDC's grievance policy or procedure to the Court, together with an authenticating affidavit from an appropriate jail official, within the ten (10) day period for responding to this Report and Recommendation, in order that that policy or procedure will be available for the District

exhaust on a motion to dismiss for failure to state a claim, when the failure "is apparent from the face of the complaint . . . ." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The plaintiff essentially makes no rejoinder to the defendants' accusation that he has failed to exhaust his remedies other than to summarily repeat his contention that he "filed grievances after [sic] another with no response . . . ." [Doc. 9 at 1.] Based on a review of the briefs and the Complaint, and because the plaintiff "has failed to respond to the Defendants' arguments or to set forth any argument himself as to why he should either be deemed to have exhausted the jail grievance process, or should not be required to exhaust that process before bringing this lawsuit," the action is subject to dismissal for lack of exhaustion of administrative remedies. *Nimmons*, 2006 WL 120777, at *3; *see* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006) (holding that § 1997e(a) requires "proper exhaustion" of available administrative remedies). It should be noted that whether or not administrative remedies remain available to the plaintiff is of no moment; the requirement is the same. *See Woodford*, 126 S. Ct. at 2384-89.

### III.   STATE LAW CLAIMS

Having recommended dismissal of the plaintiff's federal claim, the Court declines to exercise jurisdiction over whatever state law claims the plaintiff may have against either of the defendants. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims

---

Judge in her review of this Report and Recommendation. Failure of the Defendants to provide this documentation to the Court may result in the denial of Defendants' motion to dismiss. *Id.*

9

against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.") Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED.

IT IS SO RECOMMENDED.

                                                 s/Bruce H. Hendricks
                                                 United States Magistrate Judge

January 16, 2007
Greenville, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).